United States District Court
Southern District of Texas

**ENTERED**

July 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL MANUEL MARTIN PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:25-CV-00054 |
| | § | |
| JUSTIN MARR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On March 16, 2026, United States Magistrate Judge Mitchel Neurock issued his Memorandum and Recommendation (M&R), recommending that the Court dismiss all of Plaintiff Michael Manuel Martin Perez's claims. D.E. 27. Plaintiff was provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Plaintiff timely filed his objections.[1] D.E. 33.

### STANDARD OF REVIEW

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed

---

[1] Parties have fourteen days to file objections to an M&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). However, the M&R was served on Plaintiff by mail, so Plaintiff had an additional three days to object. *See Rangel v. ASLM II*, No. EP-24-CV-00436-DCG, 2025 WL 2731841, at *2 (W.D. Tex. Sept. 25, 2025) (citing Fed. R. Civ. P. 6(d)). Additionally, under the prison mailbox rule, a pro se prisoner's objections to an M&R are "deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (applying the prison mailbox rule to filing objections to an M&R). While the M&R was originally mailed to Plaintiff on March 16, 2026, it was returned as undeliverable and re-mailed on April 14, 2026. The envelope containing Plaintiff's objections was postmarked on May 1, 2026. The objections are thus deemed timely filed within seventeen days from the day the M&R was re-mailed to Plaintiff. *See* Fed. R. Civ. P. 5(b)(2)(C); D.E. 31.

1 / 4

specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.* After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Plaintiff objects to the Magistrate Judge's findings that his claims are barred by the applicable statutes of limitations. He states that the two-year statute of limitations does not apply because he is "under legal disability and has been under mental health care." D.E. 33, p. 1. He cites Texas Civil Practice and Remedies Code § 16.001,[2] which states:

> (a) For the purposes of this subchapter, a person is under a legal disability if the person is:
>
> > (1) younger than 18 years of age, regardless of whether the person is married; or
> >
> > (2) of unsound mind.
>
> (b) If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period.
>
> (c) A person may not tack one legal disability to another to extend a limitations period.

---

[2] Plaintiff also cites Texas Civil Practice and Remedies Code § 16.022, but that provision applies to a legal disability in relation to real property actions. Section 16.001 is the appropriate provision for this action.

2 / 4

(d) A disability that arises after a limitations period starts does not suspend the running of the period.

"Tolling based on unsound mind requires either '(1) specific evidence that would enable the court to find that the incompetent person did not have the mental capacity to pursue litigation, or (2) a fact-based expert opinion to that effect.'" *Smith v. Sikorsky Aircraft Corp.*, 41 F. Supp. 3d 564, 568 (S.D. Tex. 2014) (quoting *Gribble v. Layton,* 389 S.W.3d 882, 894 (Tex. App. —Houston [14th Dist.] 2012, pet. denied)), *aff'd*, 623 F. App'x 156 (5th Cir. 2015). "A plaintiff lacks the mental capacity to pursue his suit if he is unable to participate in, control, or understand the progression and disposition of the suit." *Rollins v. S. Baptist Convention*, 628 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) (citing *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex. 1993)). A plaintiff must show that he was disabled at the time the limitations period started. *See* Tex. Civ. Prac. & Rem. Code § 16.001(d).

Because Plaintiff did not raise this legal disability argument before the Magistrate Judge, the issue is not properly before the Court and the objection can be overruled on that basis. *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) ("[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (declining to address issues raised for the first time in objections to the magistrate judge's findings, conclusions, and recommendations).

Even if the Court considers the objection, Plaintiff has not sufficiently alleged tolling under § 16.001. His assertion that he is under legal disability is conclusory. He

submits a list of four medications he is currently prescribed, but that does not establish that he is of "unsound mind." *See* D.E. 33-1. Additionally, the relevant time period for the purposes of § 16.001 is when the claims accrued, and Plaintiff alleges nothing in that regard.

Plaintiff's assertion that he is under legal disability is unsupported and conclusory. Thus, the objection is **OVERRULED**. Because Plaintiff's claims are barred by limitations, the Court need not address any additional matters set forth in Plaintiff's objections.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 27). Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**ORDERED** on July 28, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE